USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: March 9, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHARLIE JONES,

           *Petitioner*,

- v. -

CHRISTOPHER MILLER,

           *Respondent*.
------------------------------------------------------------x

14 Civ. 9774 (PAC) (GWG)

**OPINION AND ORDER
ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Charlie Jones ("Jones" or "Petitioner") seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, claiming a violation of his constitutional right to be present at his trial. ECF 1. He has also moved for a stay and to amend his petition. ECF 16.

On May 17, 2016, Magistrate Judge Gabriel Gorenstein issued his thorough Report and Recommendation (the "R&R"), recommending denial of the petition, the motion for a stay, and the motion to amend. ECF 21. On August 10, 2016, Petitioner timely objected. ECF 23.

The Court has reviewed the objections, and for the reasons described below, ADOPTS the R&R in full. The petition, motion for a stay, and motion to amend are DENIED.

**BACKGROUND**[1]

Jones' trial took place on October 10, 11, 15, and 16, 2007, before Justice Wetzel in New York State Supreme Court, during which time Jones was incarcerated. *See* R&R at 2. Prior to trial, a competency hearing was held (the "730 Hearing"). *See* R&R at 2–3; N.Y. Crim. Proc. Law § 730. A psychologist and a psychiatrist testified about their multiple examinations of Jones and review of his medical records from previous hospitalizations and his incarceration,

---

[1] A detailed factual background is completely and accurately set forth in the R&R. *See* R&R at 2–7.

1

which reflected that Jones had a "history of malingering." *See id.* at 4–5. They concluded that Jones that was "feign[ing] an illness" that was a "motivated by an incentive to evade criminal prosecution," diagnosed Jones with malingering, and concluded that Jones could proceed to trial. *Id.* at 5 (internal quotations and citations to the record omitted). The hearing judge accepted the doctors' findings and determined that Jones was fit to stand trial. *See id.*

Jones attended the first two days of his trial, but on Monday, October 15, 2007, Justice Wetzel, was informed that Jones had taken "an overdose of medication, reported that to [the Department of] Corrections as a suicide attempt, and was brought to [Elmhurst] Hospital." *See id.* at 2 (internal quotations and citations to the record omitted). Justice Wetzel heard from the parties regarding what to do about Jones' absence. *See id.*

The prosecutor recounted the court file, which reflected that Jones had failed to appear in court on several occasions, allegedly for medical reasons; noted that the 730 Hearing judge had "specifically told [Jones] that the trial would go on in his absence if he were to absent himself from the courtroom as he had been doing on at least five previous times as we attempted to move it along"; and informed the court that she had "12 witnesses here or scheduled to be here today." *Id.* at 2–6 (internal quotations and citations to the record omitted). The prosecutor added that the initial 730 Hearing had to be adjourned and rescheduled due a different overdose; then, after Jones was sent from Elmhurst Hospital to Bellevue Hospital, "Bellevue simply turned the defendant around and sent him back to Riker's reporting that because he has a history of malingering and they see no reason he's doing anything but malingering on this date, they're not going to admit him to Bellevue." *Id.* at 4 (internal quotations and citations to the record omitted). The corrections officer testified that Jones' "'[c]ourt appearances were in fact pre-

2

empted by Hospital visits on four' out of six occasions." *Id.* at 3–4 (internal quotations and citations to the record omitted).

Jones' counsel requested a one-day continuance to attempt to obtain Jones' presence for the rest of trial. *Id.* at 6. Justice Wetzel denied the request, "emphasized that there was no evidence that Jones attempted suicide – only that Jones had overdosed and that Elmhurst Hospital was treating him," and noted that he had told the jurors that the case would end in the middle of that week. *Id.* (internal quotations and citations to the record omitted). Justice Wetzel found that Jones had forfeited his right to be present, and ordered trial to proceed. *See id.* at 6–7. Jones did not appear for the remainder of trial. *See id.* at 7. The jury convicted Jones of four counts of burglary in the first degree, three counts of robbery in the first degree, and one count of attempted robbery in the second degree. *See id.* at 1.

Jones appealed to the Appellate Division, First Department, making identical arguments to those in this petition; the Appellate Division denied the appeal.[2] *See id.* at 7. The New York Court of Appeals denied Jones' request seeking leave to appeal. *See id.*

## LEGAL STANDARDS

I. Review of Objections

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party timely objects, the Court reviews the R&R's contested portions *de novo*. *See Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010). "However, where a party does not submit a timely objection, 'a district court need only satisfy itself that there is no clear error on the face of the record.'"

---

[2] The Appellate Division found that "[t]he record unequivocally establishes that [petitioner], a chronic malingerer, deliberately caused his own absence . . . regardless of whether [petitioner's] alleged overdose of medication was feigned or actual, [petitioner] intended to absent himself from the balance of his ongoing trial." *See* R&R at 7 (internal quotations and citations to the record omitted).

3

*Martinson v. U.S. Parole Comm'n*, No. 02-CV-4913 (KMK), 2005 WL 1309054, at *3 (S.D.N.Y. June 1, 2005) (internal quotations and citations omitted). "[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations, citations, and emphasis omitted).

"To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (internal citations omitted).

## II. Habeas Corpus

"Habeas review is an extraordinary remedy," *Bousley v. United States*, 523 U.S. 614, 621 (1998), and a petitioner seeking a writ of habeas corpus from a state court conviction must comply with the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

A petition may not be granted regarding any claim that was "adjudicated on the merits" in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the

4

merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011) (citations omitted).

A state law decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in" Supreme Court precedent or "confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision and nevertheless arrives at" a different result. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miler-El v. Cockrell*, 537 U.S. 322, 340 (2003). "Even if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination." *Wood v. Allen*, 558 U.S. 290, 301 (2010).

### III.  Right to Be Present at Trial

A criminal defendant has the right, derived from both the Sixth Amendment and common law, "to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975); *see also United States v. Fontanez*, 878 F.2d 33, 35 (2d Cir. 1989). A defendant may waive this right, *see Snyder v. Commonwealth of Mass.*, 291 U.S. 97, 106 (1934), *overruled in part on other grounds by*

5

*Mallow v. Hogan*, 387 U.S. 1, 17 (1964), and may do so impliedly through his conduct. *See United States v. Gagnon*, 470 U.S. 522, 528–29 (1985) (per curiam). A defendant who "voluntarily absents himself" thus "leaves the court free to proceed with the trial in like manner and with like effect as if he were present." *Diaz v. United States*, 223 U.S. 442, 455 (1912).

## ANALYSIS[3]

The Court has reviewed Jones' three objections, and agrees with the R&R's recommendation of denial.

### I.  First Objection

First, Jones objects to the R&R's presumption that the state court correctly determined that Jones was competent to stand trial.[4] See ECF 23 at 5–11. He contends that the trial court conducted "its fact-finding [] under an erroneous view of the governing law" and the record does not support a finding of competency; thus, the R&R "has placed the factual cart before the legal horse."[5] *Id.* at 10.

But the evidence Jones provides to support his is entirely fact-based and insufficient to rebut the presumption. ECF 23 at 10. Jones cites his counsel's arguments that Jones was unfit to proceed because he had a "history of suicide attempts, history of delusional behavior and thoughts." ECF 23 at 6. Jones also contends that the trial court judge, in denying the request for a second evaluation, "declined even to question petitioner briefly" and "never indicated that he

---

[3] The Court agrees with the R&R's decision to resolve the petition on the merits and not address the issue of timeliness. *See* R&R at 8 n.4.

[4] Jones also argues that this is erroneous because before a petitioner must disprove a state court's factual finding by clear and convincing evidence, a habeas court must first consider whether the determination is fairly supported by the record. *See id.* at 9–10. This argument misunderstands his legal burden: the law is clear that a federal habeas court should "presume the [state] court's factual findings to be sound *unless* [petitioner] rebuts the 'presumption of correctness by clear and convincing evidence.' § 2254(e)(1)." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (emphasis added).

[5] Jones claims that the trial court violated N.Y. CPL 730 in initially finding him competent to stand trial, and that it then violated established Supreme Court and Second Circuit precedent in denying Jones' counsel's request for a second competency evaluation. *See* ECF 23 at 5–11.

6

was basing his decision on his observation of petitioner during trial." *See* ECF 23 at 8. But these arguments, at best, amount to disagreement with the factual determinations of competency and cannot rebut the presumption, especially in light of the extensive record before the trial judge. *See* R&R at 3–6; *Wood*, 558 U.S. at 301.

The R&R appropriately presumed that the state court's factual determination of competency was correct, and Jones has not shown clear and convincing evidence to the contrary.

## II. Second Objection

Jones characterizes his second objection as one to Magistrate Judge Gorenstein's "reliance on quotes concerning the CPL 730 Hearing." ECF 23 at 11. But in substance, this objection reasserts Jones' prior argument that his initial competency hearing violated the Sixth Amendment.[6] *See id.* at 11–13; *see* ECF 19 at 2–7; R&R at 12. Such "reiterate[ion] [of] the original arguments" mandates a review of this portion of the R&R for clear error. *Pinkney*, 2008 WL 2811816, at *1. The Court finds no clear error in the R&R's consideration and rejection of this argument as irrelevant to the federal habeas standard. *See* R&R at 12–13.

## III. Third Objection

Finally, Jones objects to the R&R's conclusion that Justice Wetzel correctly found that Jones deliberately absented himself.[7] ECF 23 at 12–18. He claims that the R&R "ignores the established constitutional principles by 'presuming' that [his] absence was voluntary and by imposing the burden upon petitioner to prove otherwise," which "attempts to penalize petitioner for failing to sustain a burden of proof which should not have been his to bear." *Id.* at 18.

---

[6] Jones again contends that the two expert doctors who testified in the hearing improperly relied on "out-of-court reports" – i.e., other doctors' psychiatric assessments of Jones. ECF 23 at 12.
[7] Jones also contests the R&R's failure to first address whether his right to be present was even waivable. *See* ECF 23 at 13–15. But the R&R clearly articulates the established law providing that it was. *See* 11–12.

But Jones again misunderstands the relevant legal standard. Justice Wetzel's factual determination that Jones deliberately absented himself from trial is presumed correct, and Jones must show clear and convincing evidence to rebut that presumption. *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); 28 U.S.C. § 2254(e)(1).

Jones ignores the R&R's thorough analysis of Justice Wetzel's factual findings, and instead asserts that the R&R "compound[s] its disdain for the Constitution by summarily determining, without any evidence," that his absence was voluntary. ECF 23 at 15. This is simply not true, *see* R&R at 2–7, 12–14, but in any case, upon *de novo* review, this Court finds that Justice Wetzel's findings are entitled to the presumption of correctness.[8]

Before concluding that Jones deliberately absented himself, Justice Wetzel made extensive factual findings. *See* R&R at 2–7, 13. Justice Wetzel reviewed the 730 Hearing testimony, which included the doctors' malingering diagnoses, based on multiple interviews as well as on his medical records, and the hearing judge's decision to accept such findings and conclude that Jones was fit to stand trial. *See* R&R at 4–6. He heard testimony from the corrections officer, who confirmed that four out of six recent court appearances were preempted by Jones' hospital visits. *See* R&R at 3–4. Justice Wetzel also heard from the prosecutor that Jones' original 730 Hearing was adjourned due to Jones' hospital visit, and that Bellevue Hospital had subsequently declined to admit Jones due to his history of malingering and lack of

---

[8] No clearly established Supreme Court precedent specifies the procedures courts must use to determine whether Jones' absence was voluntary. Courts that have addressed similar issues have found that drug overdoses may constitute a voluntary act that waives the right to be present. *See, e.g., Jenkins v. Brown*, No. 09-CV-828 (EB), 2009 WL 2957316, at *4 (E.D.N.Y. Sept. 15, 2009) (habeas petition denied where "[petitioner] had either ingested pills that he should not have had, or . . . simply said that he had taken pills without having done so. In either case, the act was voluntary [and] [t]he trial judge was therefore entitled to conclude that [petitioner] voluntarily absented himself from trial."), *aff'd*, 412 F. App'x. 394, (2d Cir. 2011); *United States v. Davis*, 61 F.3d 291, 303 (5th Cir. 1995) (petitioner's drug overdose and consequent absence from trial constituted knowing and voluntary waiver of right where record established that petitioner "did not wish to face trial and the prospect of a conviction.").

8

evidence to suggest otherwise. *See* R&R at 4. Justice Wetzel's decision to proceed with trial in Jones' absence was justified. *See Diaz*, 223 U.S. at 445.

In objecting, Jones claims that he "had attempted suicide on previous occasions for reasons apparently unconnected with waiver of constitutional rights" and that "in all probability, the mental condition which spawned [his] multiple suicide attempt[s] precluded him from making an intelligent, knowing and voluntary decision to absent himself from his trial." ECF 23 at 16, 18. But such assertions do not constitute clear and convincing evidence. *See Miller-El*, 545 at 240. The Court agrees with the R&R's finding that the state court's factual finding that Jones deliberately absented himself is presumed correct. *See Diaz*, 223 U.S. at 445.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Gorenstein's R&R in its entirety and DENIES the petition for a writ of habeas corpus, the motion for a stay, and the motion to amend. As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued. 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to enter judgment and terminate 14-CV-9774.

Dated: New York, New York
       March 9, 2017

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed to:

Charlie Jones
07A7129
Great Meadow C.F.
Box 51
Comstock, NY 1281-0051